UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL C. EVANS,

    Plaintiff,

v.

PATRICIA ORDIWAY, et al.,

    Defendant.
_____/

Case No. 2:24-cv-36

HON. JANE M. BECKERING

## OPINION AND ORDER

This is a prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Michael Evans initiated this action by filing a Complaint alleging First Amendment free exercise and retaliation claims, a Religious Land Use and Institutionalized Persons Act (RLUIPA) claim, and a Fourteenth Amendment equal protection claim. Defendant Patricia Ordiway, the sole remaining defendant here, filed a motion for summary judgment on all claims (ECF No. 26). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that the Court grant the motion as to Plaintiff's RLUIPA and Fourteenth Amendment equal protection claims and deny the motion as to Plaintiff's First Amendment free exercise and retaliation claims (*see* R&R, ECF No. 36). The matter is presently before the Court on the parties' objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has reviewed de novo those portions of the Report and Recommendation to which objections have been made. The Court will deny each of the parties' objections and adopt the Report and Recommendation for the reasons stated below.

## I. BACKGROUND

The parties agree that Plaintiff is a practicing Muslim who wears a "kufi" cap as part of his religious practice. MDOC policy authorizes Muslim inmates to possess one kufi cap and further authorizes Muslim inmates to wear their kufis "at any time," not just "while attending group religious services or activities" or "while going directly to and from group religious services or activities" (*see* Michigan Department of Corrections (MDOC) Policy Directive, ECF No. 27-5 at PageID.201). Corrections officers may search religious head coverings, including kufis, pursuant to MDOC policy (MDOC Policy Directive, ECF No. 27-14 at PageID.281).

MDOC policy also states that all religious materials must be purchased through authorized vendors (MDOC Policy, ECF No. 27-5 at PageID.196–197.) Homemade items, on the other hand, are considered "hobbycraft" (MDOC Policy Directive, ECF No. 27-3 at PageID.153). MDOC policy prohibits prisoners from keeping hobbycraft projects (*id.* at PageID.155). Here, Plaintiff asserts that he purchased his kufi from an approved vendor (*see* Compl., ECF No. 1, PageID.5), but Defendant Ordiway argues that he had a hobbycraft kufi (*see* Def. MSJ Brief, ECF No. 27 at PageID.130). Plaintiff asserts that Defendant Ordiway attempted to prevent him from wearing his kufi when he was not attending religious services, in violation of the above MDOC policies (*see* Compl., ECF No. 1 at PageID.3–4; *see also* Grievance Form, ECF No. 17-3 at PageID.90 (stating that Defendant Ordiway threatened to take Plaintiff's kufi if she saw him wearing it "anywhere outside of service")). Defendant Ordiway asserts that she simply carried out a search of Plaintiff's religious head covering to determine if it was "hobbycraft" and "contraband" consistent with policy (*see, e.g.,* Def. MSJ Brief, ECF No. 27 at PageID.137). The Magistrate Judge determined that a factual dispute on this point precluded a summary judgment ruling on Plaintiff's First Amendment free exercise and retaliation claims (*see* R&R, ECF No. 36 at PageID.446, 460–461).

## II. DISCUSSION

Defendant Ordiway has filed two objections to the Report and Recommendation (*see* Def. Obj., ECF No. 38). Plaintiff then filed an untimely submission which he entitles a "Surreply to Defendants' Second Summary Judgment Motion," which appears to object to Defendant Ordiway's objections rather than to the Report and Recommendation itself, all in violation of this Court's rules (*see* Pl. Obj., ECF No. 41). The Court will address each party's objections in turn. For the reasons stated below, the Court concludes that the objections lack merit.

### A. Defendant Ordiway's Objections to the Report and Recommendation

Defendant Ordiway first objects to the Magistrate Judge's conclusion that Plaintiff "Evans has produced sufficient evidence to create a genuine issue of material fact as to whether or not he provided proof to Ordiway that his kufi was validly purchased" (Def. Obj., ECF No. 38 at PageID.473). According to Defendant Ordiway, the "issue here is whether Ordiway knew or had reason to believe Evans's white kufi was not hobbycraft" (*id.*). Defendant Ordiway argues Plaintiff has presented no evidence that he showed her a receipt for the purchase of his kufi from an approved vendor—thereby failing to establish that Defendant Ordiway "knew or had reason to believe Evans's white kufi was not hobbycraft"—and this absence of proof entitles Defendant Ordiway to summary judgment on Plaintiff's First Amendment free exercise and retaliation claims (*id.*). Defendant Ordiway is mistaken for several reasons.

***First***, Plaintiff provided a statement "under the penalty of perjury"[1] indicating: (1) he was permitted by MDOC policy to wear a kufi "at any time," not just while attending religious services;

---

[1] The Magistrate Judge states that Plaintiff's Complaint is not verified. But the Report and Recommendation does not specifically address Plaintiff's statement—at the beginning of the Complaint's "Statement of Facts"—that "I, Michael Evans, declare under the penalty of perjury [and] 28 U.S.C. 1746, that the following is TRUE and CORRECT," followed by Plaintiff's signature at the end of the Complaint (Compl., ECF No. 1 at PageID.3). That said, the Magistrate

3

(2) Defendant Ordiway told Plaintiff on May 15, 2022, that she would take his kufi if she saw Plaintiff wearing it "outside of services"; and (3) on May 30, 2022 "Defendant Ordiway asked me if I had a receipt for my Kufi, I showed her my receipt, and she confiscated the Kufi anyway, wrote me a false class three misconduct for contraband (which is what she classified my Kufi)" (Compl., ECF No. 1 at PageID.3–5; *accord* Grievance Forms, ECF No. 17-3 at PageID.82, 90).  This evidence, in and of itself, defeats Defendant Ordiway's objection because, as noted by the Magistrate Judge, the conduct at issue went beyond a simple search for contraband "hobbycraft" (*see* R&R, ECF No. 36 at PageID.460).  A triable dispute exists as to whether Defendant Ordiway restricted Plaintiff from wearing a kufi outside of religious services, in violation of MDOC policy and regardless of whether the kufi was "hobbycraft," and later confiscated Plaintiff's kufi after he

---

Judge does note that "*pro se* plaintiffs, like Evans, are held to a less stringent pleading standard than parties represented by an attorney" and, in the absence of an objection to the admissibility of Plaintiff's statements in the Complaint by Defendant Ordiway, the Magistrate Judge elected to "consider[] Evans's complaint, response, affidavit, and attachments" as evidence in ruling on the motion for summary judgment (*see* R&R, ECF No. 36 at PageID.451–452, citing *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008)).

Additionally, Defendant Ordiway argued that Plaintiff's Complaint was not verified for the first time in an objection to the Report and Recommendation. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (noting that "issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived"); *Hampton v. Comm'r of Soc. Sec. Admin.,* No. 19-CV-13478, 2021 WL 1115865, at *6 (E.D. Mich. Mar. 24, 2021) ("[T]he Sixth Circuit has made clear that in objections to a report and recommendation, a party cannot raise new arguments or expand previously made arguments.") (citing *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Anger v. Gingell*, No. 12-cv-14980, 2014 WL 988989, at *3 (E.D. Mich. Mar. 13, 2014) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Even if Defendant Ordiway had properly preserved an objection to the admissibility of the statements in the Complaint due to a technical violation of the rules for submission of a sworn declaration or a Verified Complaint, the parties do not dispute that Plaintiff's grievance forms repeat several of the relevant statements at issue and may be considered as evidence at summary judgment (*compare* Compl., ECF No. 1 at PageID.3–4 *with* Grievance Form, ECF No. 17-3 at PageID.90, 82 (stating that Defendant Ordiway threatened to take Plaintiff's kufi if she saw him wearing it "anywhere outside of service")).

"showed her [his receipt]" to establish that the kufi was not "hobbycraft" (*see* Compl., ECF No. 1 at PageID.3–5).

***Second***, Evans offered sworn deposition testimony that "I showed [the grievance coordinator] the Islamic Bookstore [approved prison vendor] catalogs, and showed him that 95 percent of the kufis that are in the Islamic catalog are crochet. So I think [Defendant Ordiway] was getting a misperception that maybe [it's] hobbycraft," because Plaintiff wore a crochet head covering (Evans Dep., ECF No. 27-7 at PageID.214). Evans further testified that the grievance coordinator "took [his] receipt, he looked at it, and he found me not guilty" shortly before Defendant Ordiway took the kufi and stated that she wanted "to see a receipt and you're not getting this kufi back" (*id.*; Grievance Form, ECF No. 17-3 at PageID.82). These sworn statements further support the existence of a factual dispute over whether Defendant Ordiway confiscated a "hobbycraft" head covering (*see id.*).

***Third***, "[a]ttached to his response, Evans also provides multiple receipts for various colored kufis purchased through an MDOC-approved vendor," and although Defendant Ordiway argues that some of these receipts post-date the incidents in question or involve kufis of different colors than the one she took from Plaintiff, Defendant Ordiway's arguments go to the weight that should be afforded this evidence—they do not negate the existence of the factual dispute described above and identified in the Report and Recommendation (*see* R&R, ECF No. 36 at PageID.460). In sum, the Court concludes that this objection lacks merit.

Defendant Ordiway raises a second objection arguing that Plaintiff's May 15, 2022 grievance was "frivolous" and thus cannot qualify as protected conduct under the First Amendment (*see* Def. Obj., ECF No. 38 at PageID.475). Specifically, Defendant Ordiway objects to the Magistrate Judge's conclusion that Plaintiff's "grievance for which Ordiway allegedly retaliated

5

was not frivolous" because the "problem Evans details on the form is not merely CO Ordiway's search, but that CO Ordiway confiscated a religious article Evans maintains he legitimately purchased'" (*id.*, citing R&R, ECF No. 36 at PageID.460). According to Defendant Ordiway, the grievance in question does not involve confiscation,[2] but merely asserts that Defendant Ordiway "ordered [Plaintiff] to remove [his kufi] for inspection, which is permissible by policy," rendering the grievance frivolous (*id.* at 475–476). But, as noted above, Defendant Ordiway ignores both (1) the statements made under penalty of perjury in Plaintiff's Complaint and (2) his May 15, 2022 Grievance Form itself, both of which state that on May 15, 2022, Defendant Ordiway told Plaintiff to "'take that Kufi off'" because he was wearing it "outside of service," with no mention of "hobbycraft" (*see* Compl., ECF No. 1 at PageID.3–4; *see also* Grievance Form, ECF No. 17-3 at PageID.90 (stating Defendant Ordiway threatened to take Plaintiff's kufi if she saw him wearing it "anywhere outside of service" without mention of "hobbycraft")).

The Magistrate Judge correctly notes that this evidence of Defendant Ordiway's conduct goes beyond a simple "search" for contraband—regardless of whether Defendant Ordiway confiscated Plaintiff's kufi on May 15, 2022—given Plaintiff's evidence that MDOC policy allows a member of his faith to wear a kufi outside of religious services and given Plaintiff's attestation that Defendant Ordiway refused to honor that policy (*see* MDOC Policy Directive, ECF No. 27-5 at PageID.201; Compl., ECF No. 1 at PageID.3–4; Grievance Form, ECF No. 17-3 at PageID.90). Defendant Ordiway has presented no binding or applicable authority indicating that the grievance Plaintiff filed related to Defendant Ordiway's conduct was "frivolous" as a matter of law given

---

[2] Defendant Ordiway appears to be correct that Plaintiff does not allege she confiscated his kufi on May 15, 2022 (*see, e.g.,* Compl., ECF No. 1 at PageID.3–4; Grievance Form, ECF No. 17-3 at PageID.90). Assuming without deciding that the Magistrate Judge misstated this fact (*see* R&R, ECF No. 36 at PageID.460), the Court concludes that any such misstatement does not alter the conclusion that a triable dispute of fact exists on this point for the reasons stated above.

the evidence noted above (*see, e.g.,* Mot., ECF No. 27 at PageID.137–139). The Court concludes that Defendant Ordiway has failed to identify legal or factual error in the Magistrate Judge's conclusion that a triable dispute exists on this point, and the Court further concludes that Defendant Ordiway's objection lacks merit (*see* R&R, ECF No. 36 at PageID.457–461).[3]

### B. Plaintiff's Objections to the Report and Recommendation

Plaintiff has filed a document entitled "Third Reply to Defendant's Second Summary Judgment Motion" (ECF No. 41). This document appears to set forth Plaintiff's responses to Defendant Ordiway's objections to the Report and Recommendation. The Court will liberally construe this filing, to the extent possible, as an attempt by Plaintiff to raise objections to the Report and Recommendation.

Plaintiff's objections fail at the outset for three reasons. First, Plaintiff has not "specifically identif[ied]" the portions of the Report and Recommendation to which his objections are made—directing his arguments, as noted above, to Defendant's briefing rather than the Magistrate Judge's analysis—in violation of this Court's rules. *See* W.D. Mich. LCivR 72.3(b). Second, Plaintiff signed this document on October 17, 20[25], establishing that it falls outside the fourteen-day time limit for objections to the Report and Recommendation, which was entered on September 17, 2025. Third, "Plaintiff merely reiterates his arguments presented before the magistrate judge, which are not valid objections to a report and recommendation. An 'objection' that merely 'restates the

---

[3] Defendant Ordiway also makes a perfunctory argument, in passing, that "Ordiway [explained] why she wrote the misconduct reports, why they had nothing to do with Evans's grievances, and that she would have taken the same actions whether Evans filed grievances or not," and thus Defendant "Ordiway is entitled to summary judgment based on the causation element of Evans's retaliation claim" (Def. Obj, ECF No. 38 at PageID.476). The Magistrate Judge, however, noted that Plaintiff provided sworn statements to the contrary—in addition to evidence associated with Plaintiff's grievance forms—and determined that a triable dispute of fact existed on this point (*see* R&R, ECF No. 36 at PageID.462). Assuming without deciding that Defendant Ordiway has properly raised this objection, the Court concludes it lacks merit.

7

arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.'" *See Peacock v. Comm'r of Soc. Sec.*, No. 1:15-CV-572, 2016 WL 2997429, at *1 (W.D. Mich. May 25, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) and citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("Such duplication defeats the purpose of the Federal Magistrates Act[.]")

Additionally, even if the Court were to reach Plaintiff's "objections," the Court concludes that Plaintiff's arguments regarding his First Amendment claims have been mooted by the Court's analysis above. As to Plaintiff's arguments regarding his RLUIPA and Fourteenth Amendment equal protection claims, the Court concludes that Plaintiff has failed to cite binding authority establishing either factual or legal error in the Magistrate Judge's analysis. For these reasons, the Court will deny Plaintiff's objections to the Report and Recommendation.

### III. CONCLUSION

Accordingly:

**IT IS HEREBY ORDERED** that all of the parties' objections to the Report and Recommendation (ECF Nos. 38 & 41) are DENIED and that the Report and Recommendation of the Magistrate Judge (ECF No. 36) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 26) is GRANTED IN PART as to Plaintiff's RLUIPA and Fourteenth Amendment equal protection claims, which will be dismissed, and DENIED IN PART as to Plaintiff's First Amendment free exercise and retaliation claims, which will proceed to trial.

Dated: February 5, 2026                    /s/ Jane M. Beckering
                                            JANE M. BECKERING
                                            United States District Judge